# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH A. GETTER,<br><br>    Plaintiff,<br>v.<br><br>GENESIS ELDERCARE REHABILITATION SERVICE, LLC and WINSOME BACKER<br><br>    Defendants. | CIVIL ACTION NO.:<br><br><br><br>NOTICE OF REMOVAL |

TO:   Clerk of the Court
      United States District Court
      Robert V. Denney Federal Building
      100 Centennial Mall North, Room 593
      Lincoln, Nebraska 68508

      Tanya J. Hansen, Esq.
      Smith, Johnson, Allen, Connick & Hansen
      104 N. Wheeler Avenue
      Grand Island, Nebraska 68801
      *Attorneys for Plaintiff, Ruth A. Getter*

**PLEASE TAKE NOTICE** that Defendants, Genesis ElderCare Rehabilitation Services, LLC ("Genesis") (improperly pled as "Genesis ElderCare Rehabilitation Service, LLC") and Winsome Backer (collectively, the "Defendants"), by their undersigned attorneys, file this Notice of Removal pursuant to 28 U.S.C. § 1331, 1441, and 1446 with the United States District Court for the District of Nebraska, and state the following in support:

1.  On or about October 8, 2021, Plaintiff, Ruth A. Getter ("Plaintiff"), brought an action in the State of Nebraska, in the Lincoln District Court, entitled <u>Ruth A. Getter v. Genesis Eldercare Rehabilitation Service, LLC and Winsome Backer</u>, and bearing Case No. D15CI210000648. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. In her Complaint, Plaintiff asserts three causes of action based upon the alleged termination of her employment with Defendant Genesis: Violation of the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621, et seq., (First Cause of Action); Violation of the Nebraska Age Discrimination in Employment Act ("NADEA"), codified at Neb. Rev. Stat. § 48-1001, et seq., (Second Cause of Action); and Tortious interference (Third Cause of Action).

3. A federal question exists with respect to Plaintiff's claims in the First Cause of Action, in which she alleges that Defendant Genesis terminated her in violation of the ADEA.

4. Based on Plaintiff's ADEA cause of action, the Court has original jurisdiction over the Complaint, and the requirements necessary for this Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 are, thus, satisfied. Accordingly, this case should be removed pursuant to 28 U.S.C. § 1441.

5. The Second and Third Causes of Action of the Complaint are inextricably linked to the First Cause of Action such that they are part of the same claim or controversy. As such, the Court should exercise supplemental jurisdiction over Plaintiff's NADEA and Tortious Interference claims pursuant to 28 U.S.C. § 1367.

6. Defendant Genesis was served on or about October 15, 2021 and Defendant Backer was served on or about October 18, 2021. All Defendants consent to and join in this removal of this matter.

7. This Notice of Removal has been filed within thirty days of service of Plaintiff's Complaint in accordance with 28 U.S.C. 1446(b). Therefore, the Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. 1446(b).

8. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

9. Defendants, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the District of Nebraska, are also filing a copy of this Notice of Removal with the Lincoln District Court of Nebraska Clerk's Office, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. 1446(d).

10. Upon filing this Notice of Removal, Defendants will give written notice thereof to Tanya J. Hansen, Esq., attorney for Plaintiff.

11. By removing this action from the State of Nebraska, in the Lincoln District Court, Defendants do not admit any of the allegations in Plaintiff's Complaint and do not waive any defenses or claims available.

**WHEREFORE**, Defendants, through their attorneys, respectfully request that the Complaint be removed to this Court and that this Court accept jurisdiction of the action; and henceforth, that the Complaint be placed on the docket of this Court for further proceedings, the same as though it had originally been instituted in this Court.

Respectfully submitted,

Dated: November 12, 2021

/s/ *Mark M. Schorr, Esq.*
Mark M. Schorr, Esq., #17066
**ERICKSON SEDERSTROM P.C., L.L.O.**
301 South 13th Street, Suite 400
Lincoln, Nebraska 68508-2571
(402) 476-1000
mscho@eslaw.com

/s/ *James Bucci, Esq.*
James Bucci, Esq.
**GENOVA BURNS LLC**
Two Riverside Drive, Suite 502
Camden, New Jersey 08103
(To be Admitted Pro Hac Vice)

Attorneys for Defendants,
*Genesis ElderCare Rehabilitation Services, LLC (improperly pled as "Genesis Eldercare Rehabilitation Service, LLC") and Winsome Backer*

Filed in Lincoln District Court
\*\*\* EFILED \*\*\*
Case Number: D15CI210000648
Transaction ID: 0014452484
Filing Date: 10/08/2021 02:03:30 PM CDT

THE DISTRICT COURT OF LINCOLN COUNTY, NEBRASKA

| | |
|---|---|
| RUTH A. GETTER, | ) |
| | ) Case No. CI 21- 648 |
| Plaintiff, | ) |
| | ) |
| vs. | ) COMPLAINT |
| | ) |
| GENESIS ELDERCARE REHABILITATION | ) |
| SERVICE, LLC and WINSOME BACKER, | ) |
| | ) |
| Defendants. | ) |

COMES NOW Plaintiff, Ruth A. Getter, and for her causes of action against Defendants hereby states and alleges as follows:

## PARTIES

1. Plaintiff, Ruth A. Getter, is a resident of Maxwell, Lincoln County, Nebraska.

2. Defendant, Genesis Eldercare Rehabilitation Services, LLC, is a Pennsylvania limited liability company with its principal office address at 101 E. State St., Kennett Square, Pennsylvania.

3. Defendant, Winsome Backer, is an individual residing in Sutherland, Lincoln County, Nebraska.

## JURISDICTION AND VENUE

4. Plaintiff's causes of action are based on age discrimination in her employment with Defendant, Genesis Eldercare Rehabilitation Services, LLC (hereinafter "Defendant Genesis"), in violation of both the Nebraska Age

1



Discrimination in Employment Act (hereinafter "NADEA") and the Age Discrimination in Employment Act (hereinafter "ADEA") codified respectively at Neb. Rev. Stat. § 48-1001, *et seq.*, and 29 U.S.C. § 621, *et seq.*

5. This Court has subject-matter jurisdiction over this case pursuant to Neb. Rev. Stat. § 24-517 because there is an actual and justiciable controversy between the parties to this lawsuit and the amount in controversy is $57,000 or more.

6. This Court has personal jurisdiction over Defendant Genesis pursuant to Neb. Rev. Stat. § 25-536 because Defendant transacted business in the State of Nebraska and contracted to supply services in the State of Nebraska. In addition, personal jurisdiction over Defendant complies with the Nebraska and the United States Constitutions.

7. This Court has personal jurisdiction over Defendant Backer pursuant to Neb. Rev. Stat. § 25-536 because Defendant Backer is a resident of the Lincoln County, Nebraska.

8. Venue is proper in Lincoln County pursuant to Neb. Rev. Stat. § 25-403.01 because a substantial part of the events or omissions giving rise to the claim occurred in the State of Nebraska.

9. Defendant Genesis is an employer as defined by 29 U.S.C. § 630 because Defendant is engaged in an industry affecting interstate commerce and employs a sufficient number of employees.

10. Plaintiff exhausted her administrative remedies by timely filing a Charge of Discrimination with the Nebraska Equal Opportunity Commission dated July 21, 2020, and the United States Equal Employment Opportunity Commission. She received a Notice of Rights from the United States Equal Opportunity Commission dated September 9, 2021. This Complaint is timely filed within ninety days after Plaintiff's receipt of her Notice of Rights letter.

11. The EEOC has not filed suit on any facts alleged in this case.

## STATEMENT OF FACTS

12. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 11 above as if though fully set forth herein.

13. Plaintiff is a 66-year-old female whose date of birth is May 24, 1955.

14. Plaintiff began working as a traveling therapist for Hallmark Rehabilitation in May 2013.

15. At some point, Hallmark Rehabilitation was acquired by Defendant Genesis.

16. Plaintiff was offered a full-time position and began working as a permanent full-time employee on or about May 16, 2014.

17. At all times relevant to this matter, Plaintiff was employed as an Occupational Therapist/Occupational Therapist Assistant.

18. Throughout Plaintiff's employment with Defendant Genesis, she was qualified for her position and performed her duties and responsibilities in a

3

professional and competent manner, satisfying all requirements and duties of her position.

19. Plaintiff performed services at Centennial Park Retirement Village, located at 510 Centennial Circle in North Platte, Nebraska, and at Sutherland Care Center, located at 333 Maple Street, Sutherland, Nebraska.

20. Between 2013 and 2018, there were two Occupational Therapy employees, Plaintiff and Winsome Backer.

21. Defendant Backer left her position in 2018, and returned as the Director of Rehabilitation.

22. On or about October 1, 2019, Plaintiff had a telephone call with Defendant Backer, Regional Director Molly (Last Name Unknown), and District Manager Leland Wheeler.

23. During this meeting, Plaintiff was informed that her position was being eliminated due to Medicare changes.

24. Plaintiff offered to work *pro re nata* ("PRN"), or as they needed her, and was denied.

25. Plaintiff was presented with a severance package, which included one week of severance pay for every two years Plaintiff had worked, plus paid time off and sick time pay out.

26. On or about October 2, 2019, Defendant Backer told Plaintiff she was upset because her workload had increased due to Plaintiff's position being eliminated.

4

27. After Defendant Backer told Plaintiff this, Plaintiff received a call from Defendant Backer, who informed Plaintiff that she had talked to Regional Director Molly, who wanted to bring someone on PRN for Plaintiff's former position.

28. Plaintiff was informed that her employment would no longer be terminated and that she would be working PRN.

29. Because Plaintiff was told she would be working PRN, she never had the opportunity to sign the severance agreement.

30. Plaintiff was never given her severance pay.

31. Plaintiff's terms and conditions of employment were different when she was placed on a PRN status.

32. Plaintiff's salary increased to $35 per hour, but her hours were decreased to an average of six hours per week.

33. Plaintiff received at least one paystub where the balance was negative because she had been charged for medical insurance.

34. On or about November 15, 2019, Plaintiff was told that she could not participate in open-enrollment because she was on PRN status and was working less than the hours mandated by law. She was then told she was entitled to enroll in insurance under the Affordable Care Act.

35. Between January 2020 and March 2020, Plaintiff received very few work hours.

36. In or around March 2020, Plaintiff told Defendant Backer that she felt the company was forcing her into early retirement by not giving her enough hours.

37. Plaintiff never indicated any intent to retire.

38. Defendant Backer reported to Defendant Genesis that Plaintiff had retired.

39. Other co-workers asked why Plaintiff was still working, and stated that they had heard Plaintiff had retired.

40. On or about May 8, 2020, Plaintiff became aware that Fanny Bristols had taken Plaintiff's former Occupational Therapist position and had received a full-time schedule.

41. Upon knowledge and belief, Ms. Bristols is approximately 40 to 50 years old.

42. To Plaintiff's knowledge, she is still employed by Defendant Genesis.

43. Plaintiff's PRN position was posted by Defendant Genesis online.

44. Plaintiff filed a Charge of Discrimination on July 21, 2020 with the Nebraska Equal Opportunity Commission ("NEOC").

45. The NEOC dismissed Plaintiff's charge on or about July 16, 2021.

46. Plaintiff requested a Substantial Weight Review on July 30, 2021.

47. The U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights on September 9, 2021.

48. The Dismissal adopted the findings of the NEOC.

## FIRST CAUSE OF ACTION – VIOLATION OF THE ADEA
(Against Defendant Genesis)

49. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 48 above as if though fully set forth herein.

50. At all relevant times, Plaintiff was an "employee" under the ADEA, 29 U.S.C. § 630(f).

51. At all relevant times, Defendant Genesis, was an "employer" under the ADEA, 29 U.S.C. § 630(b).

52. By its actions detailed above, Defendant Genesis, unlawfully discriminated against Plaintiff on the basis of her age in violation of the ADEA.

53. Plaintiff was harmed by the adverse employment actions.

54. Due to her age, Plaintiff suffered discrimination by management and co-workers before she was terminated.

55. Due to her age, Plaintiff suffered harassment by management and co-workers before she was terminated.

56. Due to her age, Plaintiff suffered working in a hostile work environment before she was terminated.

57. By reason of the foregoing, Plaintiff suffered economic damage, including loss of salary, loss of benefits, loss of a pension and/or other economic loss, and has suffered emotional pain and anguish and/or has suffered damage to her reputation.

58. Defendant Genesis's conduct was willful, entitling Plaintiff to liquidated damages and/or punitive damages pursuant to 29 U.S.C. § 626 (b).

## SECOND CAUSE OF ACTION – VIOLATION OF THE NADEA
(Against Defendant Genesis)

59. Plaintiff hereby incorporates the allegations in Paragraphs 1 through 58 above as if though fully set forth herein.

60. Defendant Genesis violated Nebraska state law when it discriminated against Plaintiff with respect to Plaintiff's terms, conditions, or privileges of employment, otherwise lawful, because of Plaintiff's age when Defendant terminated Plaintiff.

61. The reasonable demands of the position held by Plaintiff at the time of Defendant Genesis's discriminatory conduct did not require an age distinction.

## THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE
(Against Defendant Backer)

62. Plaintiff incorporates by this reference Paragraphs 1 through 61 of this Complaint as though fully stated herein.

63. Prior to May 8, 2020, a valid business relationship or expectancy existed between Plaintiff and Defendant Genesis.

64. Prior to May 8, 2020, Defendant Backer knew of a valid business relationship or expectancy that existed between Plaintiff and Defendant Genesis.

65. Defendant Backer conspired to interfere with the valid business relationship or expectancy that existed between Plaintiff and Defendant Genesis.

66. Defendant Backer and other undiscovered employees of Defendant Genesis conspired to and did interfere with the valid business relationship or expectancy that existed between Plaintiff and Defendant Genesis by filling Plaintiff's former position instead of giving her hours to work and by forcing her to retire.

67. The interference with the valid business relationship or expectancy that existed between Plaintiff and Defendant Genesis was intentional.

68. The interference with the valid business relationship or expectancy that existed between Plaintiff and Defendant Genesis was unjustified.

69. Defendant Backer's interference with the valid business relationship or expectancy that existed between Plaintiff and Defendant Genesis was a proximate cause of damages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter judgment in her favor and against Defendants for the following:

70. Special Damages: Past and future wages, past and future loss of earning capacity, past and future loss of benefits of employment, medical benefits, medical expense, and other compensatory and wage damages as will be proven at trial.

71. General Damages: Discrimination, humiliation, and other general damages.

72. Punitive Damages: Punitive damages should be assessed against Defendant only in amounts determined appropriate at trial.

73. Attorney's Fees and Costs: All reasonable attorney's fees, including contingent attorney's fees, and all costs should be awarded as additional judgment against Defendant.

74. Other relief: This Court should award other such relief as deemed appropriate, equitable, or just, including interest on any judgment at the highest legal rate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury in the above-captioned matter.

                        RUTH A. GETTER, Plaintiff

BY    SMITH, JOHNSON, ALLEN,
          CONNICK & HANSEN
          104 N. Wheeler Avenue
          Grand Island, NE 68801
          Telephone: (308) 382-1930
          thansen@gilawfirm.com

By    s/ Tanya J. Hansen
          Tanya J. Hansen, #23306

6134-1/908425